## IN THE UNITED STATES DISRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARA ROWLAND, individually and on behalf of all others similarly situated, | Civil Action No.: 2:22-cv-1495 |
| Plaintiff, | *Electronically filed* |
| v. | |
| HELEN OF TROY LTD. a/k/a HELEN OF TROY L.P. d/b/a HOT TOOLS PROFESSIONAL, | |
| Defendant. | |

### NOTICE OF REMOVAL

TO:  THE UNITED STATES DISTRICT COURT
     FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Defendant, HELEN OF TROY LTD., a/k/a HELEN PF TROY L.P. d/b/a HOT TOOLS PROFESSIONAL (hereinafter "Helen of Troy"), hereby gives Notice of Removal of this civil action from the Court of Common Pleas of Allegheny County, Pennsylvania, to the United States District Court for the Western District of Pennsylvania, pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446 and 1453, and, in support thereof, avers as follows:

**I.  Background**

1. Plaintiff, Cara Rowland ("Plaintiff"), filed a civil action against Helen of Troy on September 16, 2022, styled *Cara Rowland v. Helen of Troy Ltd., a/k/a Helen of Troy L.P. d/b/a Hot Tools Professional*, at docket no. GD 22-011653 in the Court of Common Pleas of Allegheny County, Pennsylvania. A true and correct copy of Plaintiff's Complaint filed in state court is attached hereto and marked as Exhibit "1."

2. Helen of Troy was served with process on October 12, 2022.

3. Plaintiff Rowland alleges that Helen of Troy violated the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.* ("Magnuson-Moss"), by selling various consumer products, including a certain Hot Tools 24K Gold One-Step Hair Dryer and Volumizer, with written warranties that Plaintiff contends are violative of Magnuson-Moss. (Complaint, ¶¶ 41-48).

4. Plaintiff specifically alleges that Helen of Troy violated the "Anti-Tying" provisions of Magnuson-Moss by "stating that its warranties will be void if consumers use third-party repair services to service the goods they purchased from Defendant." (Complaint, ¶ 5).

5. Plaintiff seeks declaratory and injunctive relief, attorneys and expert fees and costs, and "such other legal and equitable relief as the Court may deem appropriate." (Complaint, Prayer for Relief, p. 14).

6. This action is removable pursuant to the Class Action Fairness Act of 2005, Pub. L. 109-2, 119 Stat (2005), codified at 28 U.S.C. §§ 1332(d), 1453, and 28 U.S.C. § 1332 ("CAFA"), as set forth herein.

## II. Parties

7. Plaintiff alleges that she is an adult individual and citizen of Pennsylvania, residing in Crawford County. (Complaint, ¶ 8).

8. Helen of Troy is a Texas corporation with its principal place of business at 1 Helen of Troy Plaza, El Paso, Texas. (Complaint, ¶ 10). Helen of Troy is consequently a citizen of Texas for diversity of citizenship purposes. 28 U.S.C. § 1332(c)(1).

## III. Jurisdiction

9. This Honorable Court has subject matter jurisdiction pursuant to CAFA, given that this is a class action in which there is (1) minimal diversity among the parties; (2) the class

described by Plaintiff consists of more than 100 persons; and (3) the amount in controversy is in excess $5 million.  *See,* 28 U.S.C. § 1332(d)(2), (d)(5), (d)(6), and § 1453(b).

### *This is a Class Action Suit*

10.     This civil action was filed as a putative class action within the meaning of CAFA, which defines "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

11.     Plaintiff brought the instant lawsuit filed in state court as a putative class action and seeks to certify a class under Pa. R. Civ. P. 1702, 1708, and 1709 (Complaint, ¶¶ 49-58), the requirements of which are analogous to Federal Rule of Civil Procedure 23. *See, Keppley v. Sch. Dist. of Twin Valley*, 866 A.2d 1165, 1170-1176 (Pa. Commw. Ct. 2005) (comparing Pennsylvania Rules of Civil Procedure 1701-1716, which govern class action lawsuits, with Rule 23). In other words, Pa. R. Civ. P. 1702, 1708, and 1709 constitute a "similar ... rule of judicial procedure" to Federal Rule of Civil Procedure 23. *See,* 28 U.S.C. § 1332(d)(1)(B).

### *The Minimal Diversity Requirement is Met*

12.     Plaintiff (Pennsylvania) and Helen of Troy (Texas) are citizens of different states, for purposes of establishing diversity of citizenship.

13.     CAFA requires only "minimal diversity" in which "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C.§ 1332(d)(2).

14.     "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Federal courts apply the "nerve center" test to determine a corporation's principal place of business. *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81, 92-93 (2010).

15. The company's officers or members "direct, control, and coordinate" the company's activities from the "nerve center," *Id*. at 92-93. The "nerve center" will "normally be the place where the corporation maintains its headquarters–provided that the headquarters is the actual center of direction, control, and coordination." *Id*. at 93.

16. Plaintiff correctly alleges that Helen of Troy is "headquartered" in the state of Texas. (Complaint, ¶ 10).

17. This diversity of citizenship satisfies the jurisdictional requirements of CAFA because at least one member of the proposed class is a citizen of a state (Pennsylvania) different from Helen of Troy (Texas). 28 U.S.C. § 1332(d)(2)(A).

18. The diversity of citizenship of Plaintiff and Helen of Troy also precludes the application of CAFA's "local controversy" and "home state" exceptions set forth in 28 U.S.C. §§ 1332(d)(3) and (d)(4).

### *The Matter in Controversy Exceeds $5 million*

19. CAFA provides for removal where the aggregated value of "the claims of the individual class members" … "exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §1332(d)(6).

20. This Court has jurisdiction over this matter because Plaintiff's Complaint includes allegations that demonstrate that this is a "civil action in which the matter in controversy exceeds the sum or value of $5,000,000." 28 U.S.C. § 1332(d)(2).

21. In instances, such as this, in which the Plaintiff does not state an amount in controversy, a removing Defendant may set forth the amount in controversy in its Notice of Removal. *See, e.g., Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81, 84 (2014). Under 28 U.S.C. § 1446(a), "a defendant's notice of removal need include only a plausible

allegation that the amount in controversy exceeds the jurisdictional threshold." *Owens*, 574 U.S. at 89.

22. Plaintiff brings this matter as a putative class action, asserting a single count alleging violations of Magnuson-Moss. (Complaint, Count I, ¶¶ 59-72).

23. Plaintiff seeks to certify a class consisting of "[a]ll persons in Pennsylvania who purchased a product subject to Defendant's Warranty within the Class Period." (Complaint, ¶ 50).

24. Plaintiff alleges that the proposed "[c]lass contains thousands of individuals, at least." (Complaint, ¶ 53).

25. Plaintiff alleges that she purchased a Hot Tools 24K Gold One-Step Hair Dryer and Volumizer manufactured by Defendant and that, as part of the underlying sales price, also purchased a warranty. (Complaint, ¶¶ 41, 42). Plaintiff further identifies the proposed class as constating of all persons who purchased the same product or any of Defendant's products ("a product") subject to the same warranty, within a three-year period preceding the filing of the Complaint. (Complaint, ¶ 50).

26. The aggregate amount in controversy may be determined based upon the value of the injunctive relief sought. *See, e.g., Auto-Owners Ins. Co. v. Stevens & Ricci, Inc.*, 835 F.3d 388, 397-398 (3d Cir. 2016) ("it is well established that the amount in controversy [in such actions] is measured by the value of the object of the litigation.")(*quoting, Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347, 97 S. Ct. 2434, 53 L. Ed. 2d 383 (1977)).

27. "The Magnuson-Moss Act provides that a consumer ... may bring suit for damages and other legal and equitable relief." *Samuel-Bassett v. KIA Motors America, Inc.*, 357 F.3d 392, 402 (3d Cir. 2004) (quotations omitted).

28. Plaintiff here seeks "equitable relief," which in and of itself may exceed $5 million alone. (Complaint, ¶¶ 16, 18).

29. Pennsylvania courts recognize "restitution" and "rescission," for instance, as forms of equitable relief. *See, e.g., Olde Discount Corp. v. Tupman*, 1 F.3d 202, 219 (3d Cir. 1993).

30. Helen of Troy has had tens of millions of dollars in sales of consumer products carrying the warranty in question, including the subject Hot Tools 24K Gold One-Step Hair Dryer and Volumizer, in Pennsylvania during the class period described by Plaintiff in her Complaint. This action, consequently, potentially implicates thousands of consumer products sold by Helen of Troy that come with the subject written warranties.

31. The cost to Helen of Troy to comply with any equitable or declaratory relief ordered by the Court, including the modification of its existing warranties, including drafting, implementation, notices and the like, could well exceed $5 million.

32. Plaintiff may also seek legal damages, which may also exceed $5 million alone based on Helen of Troy's Pennsylvania sales over the past three years involving sales of products sold with the subject warranty that is the subject of this civil action.

33. Plaintiff here, presumably in an effort to avoid removal, purports to disclaim legal damages for herself and the purported class to avoid removal. *See,* Complaint, ¶ 19 ("Neither Plaintiff nor any Class Member asserts an individual claim for damages…"). "[A]lthough a plaintiff may limit her monetary claims, any such limitation is not binding on the class as a whole prior to class-action certification." *Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 504 n.8 (3d Cir. 2014). "That is because a plaintiff who files a proposed class action cannot legally bind members of the proposed class before the class is certified." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588. 593 (2013).

6

34. Consequently, Plaintiff's unilateral declaration that neither she nor any member of the proposed class are seeking legal damages may not "overcome [a] finding that the CAFA jurisdictional threshold had been met." *Id*. The court should attach "no significance to [Plaintiff's] assertions in [her] complaint[] that the amount in controversy is less than [the jurisdictional amount]. [T]his type of pre-certification stipulation in a complaint does not, by itself, take a case outside CAFA's scope, because the stipulation can bind only the named plaintiff and not the entire proposed class." *Watson v. Prestige Delivery Sys., Inc*., 2017 U.S. Dist. LEXIS 21665, ** 7, 8 (W.D. Pa. 2017) (*citing*, *Standard Fire Insurance Co. v. Knowles*, 568 U.S. 558, 133 S. Ct. 1345, 1348-50 (2013)).

35. Plaintiff seeks "injunctive and declaratory relief curtailing unlawful business practices related to consumer products manufactured, sold, and warranted by Hot Tools." (Complaint ¶ 1). "In actions seeking ... injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Lewis v. Ford Motor Co*., 610 F. Supp. 2d 476, 485 (W.D. Pa. 2009) (quotations omitted; collecting cases); *accord*., *In re Corestates Tr. Fee. Litig*., 39 F.3d 61, 65 (3d Cir. 1994) ("In injunctive actions, it is settled that the amount in controversy is measured by the value of the right sought to be protected by the equitable relief."; collecting cases). While unnecessary to reach the jurisdictional threshold in this case, Helen of Troy's aggregated expenses to design, draft and implement revised warranty provisions pursuant to any injunctive or declaratory relief sought should also be included in the calculation for purposes of exceeding the jurisdictional threshold.

36. Plaintiff's asserting that she is not seeking legal damages, therefore, does not prevent removal, even if this is a case in which "the claim at issue [is] for [injunctive and]

declaratory relief, and not money damages." *Miller v. Liberty Mutual Group.*, 97 F. Supp. 2d 672, 676 (W.D. Pa. 2000).

37. Plaintiff also seeks "all costs, including experts' fees, attorneys' fees, and the costs of prosecuting this action." (Complaint, Prayer for Relief). Magnuson-Moss permits a court to award a successful plaintiff "a sum equal to the aggregate amount of costs and expenses … determined by the court to have been reasonably incurred by the plaintiff for or in connection with the commencement and prosecution of such action." 15 U.S.C. § 2310(d)(2). In at least some class action cases involving the Magnuson-Moss, class counsel have sought, and been awarded, approximately $4 million or more in attorneys' fees. *See, e.g., In re Shop-Vac Mktg. & Sales Pracs. Litig.*, 2016 U.S. Dist. LEXIS 170841 at *52 (M.D. Pa. Dec. 9, 2016) (awarding $4.25 million in attorneys' fees); *O'Keefe v. Mercedes-Benz USA. LLC,* 214 F.R.D. 266, 311 (E.D. Pa. 2003) (awarding more than $4.8 million in attorneys' fees). These amounts should also be included in the amount in controversy.

38. A defendant satisfies "CAFA's amount in controversy requirement where its notice of removal includes a plausible allegation that the stakes exceed $5,000,000." *Fox v. Chipotle Mexican Grill, Inc.*, 2021 WL 706757, at *6 (W.D. Pa. Feb. 23, 2021). Without admitting Plaintiff and the purported class to be entitled to any relief whatsoever, Helen of Troy avers that the Plaintiff's Complaint has placed well in excess of $5 million, exclusive of interest and costs, in controversy for purposes of removal under CAFA.

### *This Action is Otherwise Removable as to Plaintiff, Only*

39. Even as an individual action, this matter is removable on the basis of diversity of citizenship.

40. Plaintiff is a citizen of Pennsylvania, while Helen of Troy is a citizen of Texas. 28 U.S.C. § 1332(a).

41. Plaintiff's individual claim, if a class is not certified, is in excess of $75,000, exclusive of interest and costs, when Plaintiff's demand for injunctive and declaratory relief, attorney fees, expert fees and other demanded relief are included in the consideration of the amount in controversy.

42. This Notice is timely under 28 U.S.C. § 1446(b) because the Plaintiff's Complaint in this action, which was filed on September 16, 2022, was served on the Defendant on October 12, 2022.  This Notice of Removal is filed within thirty (30) days of receipt of the Complaint and within one year of the commencement of the action, so that it is timely filed under 28 U.S.C. § 1446(b).

43. Pursuant to the provisions of 28 U.S.C. § 1446(a), Defendant attaches to this notice and incorporates by reference a copy of the following papers, which are all the process, pleadings, and orders served on it prior to its removal of this action:  Complaint in Civil Action.

Date:   October 24, 2022            Respectfully submitted,

**JURY TRIAL DEMANDED**            **MARGOLIS EDELSTEIN**

  /s/ Daniel M. Taylor, Jr.
DANIEL M. TAYLOR, JR.
PA I.D. No. 62936
dtaylor@margolisedelstein.com

  /s/ Kyle T. McGee
KYLE T. MCGEE
PA I.D. No. 205661
kmcgee@margolisedelstein.com

535 Smithfield Street, Suite 1100
Pittsburgh, PA 15222
(412) 281-4256
(412) 642-2380 (fax)
*Counsel for Defendant*

CERTIFICATE OF SERVICE

AND NOW, this 24th day of October 2022, I hereby certify that a true and correct copy of the foregoing Notice of Removal has been served upon the following counsel of record by e-mail:

Edwin J. Kilpela, Jr.
Elizabeth Pollock-Avery
Kenneth A. Held
Lynch Carpenter, LLP
1133 Penn Avenue, 5th Floor
Pittsburgh, PA  15222
ekilpela@lcllp.com
elizabeth@lcllp.com
ken@lcllp.com

Kevin Tucker
Kevin J. Abramowicz
Chandler Steiger
Stephanie Moore
East End Trial Group
6901 Lynn Way, Suite 215
Pittsburgh, PA  15208
ktucker@eastendtrialgroup.com
kabramowicz@eastendtrialgroup.com
csteiger@eastendtrialgroup.com
smoore@eastendtrialgroup.com
*Counsel for Plaintiff*

By:  /s/ *Daniel M. Taylor, Jr.*
DANIEL M. TAYLOR, JR.
PA I.D. No. 62936
dtaylor@margolisedelstein.com

/s/ *Kyle T. McGee*
KYLE T. McGEE
PA I.D. No. 205661
kmcgee@margolisedelstein.com

MARGOLIS EDELSTEIN
535 Smithfield Street, Suite 1100
Pittsburgh, PA 15222
(412) 281-4256
(412) 642-2380 (fax)
*Counsel for Defendant*